UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE D. HEFLIN #483317,

        Plaintiff,

v.

UNKNOWN VANDERWIEL,

        Defendant.

Hon. Jane M. Beckering

Case No. 1:24-cv-523

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 19).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this action terminated.

## BACKGROUND

Plaintiff initiated this action regarding events that allegedly occurred at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan, where he was then incarcerated with the Michigan Department of Corrections (MDOC). (ECF No. 1).   Specifically, Plaintiff sued MDOC, MCF, and nine MDOC and/or MCF employees.   (ECF No. 1, PageID.2).   Upon screening, most Defendants and claims were dismissed, except for Plaintiff's equal protection claim and state law claim against Defendant VanderWiel.   (ECF No. 5, PageID.104-05; ECF No. 6).   In his complaint (ECF No. 1), Plaintiff alleges the following regarding his remaining claims.

-1-

Plaintiff reported that his mattress was damaged upon his cell assignment. (ECF No. 1, PageID.9).   On October 26, 2023, Defendant "removed the mattress from [Plaintiff's] bunk, forcing [him] to spend the night on a hard, steel bedframe."   (ECF No. 1, PageID.8).   Plaintiff received a replacement mattress within 48 hours.   (ECF No. 1, PageID.9).   "The removal of [Plaintiff's] mattress caused [him] undue physical pain and suffering."   (ECF No. 1, PageID.8).   Approximately one week later, Plaintiff was seen by medical staff at MCF, who "noted evidence of tenderness[] and bruising." (*Id.*).   In a separate instance, a different prisoner "cut his mattress open to conceal prison-made alcohol."   (ECF No. 1, PageID.9).   Defendant removed the mattress from that prisoner but provided "an immediate replacement."   (*Id.*).   Plaintiff asserts that Defendant racially discriminated against him because the other prisoner was white and Plaintiff is Black.   (*Id.*).

On November 14, 2023, Defendant approached Plaintiff's cell door while putting on disposable gloves to search his cell.   (ECF No. 1, PageID.11).   Plaintiff, "overwhelmed" by Defendant's previous harassment, jumped off his bed and handed Defendant "a bag of liquid that was in a clear garbage bag."   (*Id.*).   Defendant then had a nonparty officer conduct a search of the cell.   (*Id.*).   Following the search, Plaintiff received a Class-1 Misconduct Report from the nonparty officer for having a garbage bag full of dark brown concentrated liquid which smelled of fermentation in his area of control.   (*Id.*).

During Plaintiff's misconduct hearing on the ticket, the video showed that Defendant took the bag of liquid given to him by Plaintiff and took it back into the cell. (*Id.*).    Plaintiff asserts that this contrasts with Defendant's statement during the hearing investigation that the bag was never in his possession.    (ECF No. 1, PageID.12).    Another officer stated on the record that it was unclear whether there were two bags of liquid in Plaintiff's cell or if the bag of liquid discovered by the nonparty officer was the same bag initially given to Defendant by Plaintiff.    (ECF No. 1, PageID.13).

Plaintiff alleges that Defendant violated his Fourteenth Amendment right to equal protection of the law by racially discriminating against him and that Defendant committed fraud under Michigan tort law.    Defendant now moves for summary judgment.    Plaintiff has responded to this motion.    Defendant replied.    The Court finds that oral argument is unnecessary.    *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."    FED. R. CIV. P. 56(a).    Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."    *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d

at 735.   Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

**ANALYSIS**

### I. Preliminary Matters

### A. Exhaustion

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust administrative remedies before bringing a lawsuit to challenge the conduct of corrections officials.   42 U.S.C. § 1997e(a).   To satisfy the PLRA's exhaustion requirement, inmates must attempt to resolve their complaints through the MDOC's internal grievance policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

The PLRA's exhaustion requirement is an affirmative defense, so a defendant bears the burden to plead and to prove non-exhaustion.   *Id.* at 214-16.   "But failure to exhaust does not automatically end the case."   *Pierce v. Rowland*, No. 20-5731, 2021 WL 3929549, at *1 (6th Cir. Sept. 2, 2021).   "If a defendant does not raise non-exhaustion in the pleadings or cannot carry the burden of proof at later stages of the case, a court will consider the inmate's claim on the merits."   *Id.*   Here, Defendant did not raise non-exhaustion, so the Court will address the merits of Plaintiff's claims.

**B. Plaintiff's Affidavit**

In an affidavit attached to his complaint, Plaintiff interjected the limitations that the allegations in his complaint are made "to the best of [his] knowledge and understanding." (ECF No. 1, PageID.21). But "[s]ummary judgment cannot be granted when facts are qualified by the statement 'to the best of my knowledge.'" *Cook v. Michigan Dep't of Corr.*, No. 1:21-CV-817, 2024 WL 3535283, at *5 (W.D. Mich. May 31, 2024), *report and recommendation adopted*, No. 1:21-CV-817, 2024 WL 3287656 (W.D. Mich. July 3, 2024), *appeal dismissed*, No. 24-1609, 2025 WL 2020730 (6th Cir. Jan. 30, 2025).

Even if the Court construed Plaintiff's complaint as verified, it would still not be admissible evidence for summary judgment purposes. *See Weberg v. Franks*, 229 F.3d 514, 526 n.3 (6th Cir. 2000) (disregarding allegations made in a verified complaint on the grounds that they were based on hearsay rather than personal knowledge). In neither the complaint nor an attached grievance does Plaintiff provide a basis to infer that he had personal knowledge of Defendant removing and replacing a white inmate's mattress. (ECF No. 1, PageID.9-10; ECF No. 1-1, PageID.46). No facts are provided to indicate how he knows this, whether he observed the interaction, or whether he heard of the interaction from someone else. Because there is no indication here as to how Plaintiff could have observed what he's alleging, *i.e.*, no indication of how he used any of his five senses to perceive that this interaction occurred, these allegations are inadmissible due to lack of personal knowledge. FED. R. CIV. P. 56(c)(4) (verified

complaint "must be made on personal knowledge"); s*ee also Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015).    The complaint is also inadmissible because Plaintiff "fail[s] to distinguish between allegations based on firsthand knowledge and those based merely on information and belief".    *White v. Erdos*, No. 21-3154, 2022 WL 517273 (6th Cir. Jan. 26, 2022).    Accordingly, Plaintiff's complaint is not a verified complaint that could be considered as his affidavit in opposition to Defendant's motion.

## II.    Equal Protection

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."    U.S. Const. amend. XIV, § 1.    "To establish an equal protection claim under § 1983, a plaintiff must show that he is a member of a protected class and that he was intentionally and purposefully discriminated against because of his membership in that protected class."    *Hardy v. Michigan Dep't of Corr.*, No. 1:14-CV-992, 2016 WL 5395908, at *4 (W.D. Mich. Sept. 7, 2016), *report and recommendation adopted*, No. 1:14-CV-992, 2016 WL 5390873 (W.D. Mich. Sept. 27, 2016).    Plaintiff is Black and therefore a member of a protected class.    "A plaintiff presenting a race-based equal protection claim can either present direct evidence of discrimination, or can establish a prima facie case of discrimination under the burden-shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)."    *Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 458 (6th Cir. 2011).

Here, Plaintiff has not alleged facts constituting direct evidence of discrimination. *See id.* ("Direct evidence is composed of only the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor.")   In the absence of direct evidence of discrimination, Plaintiff must establish a prima facie case of discrimination in violation of his equal protection rights under the *McDonnell Douglas* analysis.   *Lautermilch v. Findlay City Sch.,* 314 F.3d 271, 275 (6th Cir. 2003).

The threshold element of any equal protection claim is disparate treatment of *similarly situated* persons.   *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).   " 'Similarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.' "   *Paterek v. Village of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)); *see also Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).   To be similarly situated, "the comparative [prisoner] 'must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the[ ] [decisionmaker's] treatment of them for it.' "   *Umani*, 432 F. App'x at 460 (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)).

Plaintiff cannot establish the threshold element of disparate treatment of similarly situated people.   In his response to Defendant's motion, Plaintiff relies on a grievance attached to his complaint that details the circumstances of Defendant

-8-

removing and replacing a white inmate's mattress and the allegations in his unverified complaint that rely on the same grievance.  (ECF No. 1, PageID.9-10; ECF No. 1-1, PageID.46; ECF No. 26).  As discussed above, on a motion for summary judgment, the Court cannot use allegations in an unverified complaint as evidence, but nor can litigants use statements in an unsworn response brief to defeat summary judgment.  *See Viergutz*, 375 F. App'x at 485; *Smoot v. United Transp. Union*, 246 F.3d 633, 649 (6th Cir. 2001) (quoting *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994). Additionally, "[p]laintiff's own unsworn statement in a grievance amounts to inadmissible hearsay that is insufficient to create a genuine issue of material fact." *Lewis v. Turnwald*, No. 23-10326, 2025 WL 2943089, at *9 (E.D. Mich. July 25, 2025), *report and recommendation adopted*, No. 23-CV-10326, 2025 WL 2592267 (E.D. Mich. Sept. 8, 2025).  Accordingly, Defendant establishes that Plaintiff has not created a genuine issue of material fact through admissible evidence regarding the threshold element of disparate treatment of similarly situated inmates.  Plaintiff's equal protection claim fails as a matter of law.  Therefore, the undersigned recommends that Defendant is entitled to summary judgment as to Plaintiff's equal protection claim.

### III. Qualified Immunity

"Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' "  *Phillips v. Roane Cty.*, 534 F.3d 531,

538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).   Once a defendant raises the qualified immunity defense, the burden shifts to the plaintiff to demonstrate that the defendant officer violated a right so clearly established "that every 'reasonable official would have understood that what he [was] doing violate[d] that right.' " *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

Qualified immunity applies when a plaintiff's evidence fails to "make out a violation of a constitutional right" or "the right at issue was [not] 'clearly established' at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (1982)) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).   A court may address these steps in any order.   *Id.* at 236.   A government official is entitled to qualified immunity if either step of the analysis is not satisfied.   *See Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 440 (6th Cir. 2016).

Defendant argues that he is entitled to qualified immunity because Plaintiff cannot establish that Defendant violated Plaintiff's constitutional right to equal protection.   (ECF No. 20, PageID.155-56).   The undersigned agrees.   Plaintiff does not establish a prima facie case of racial discrimination because he fails to produce evidence that he was treated differently than similarly situated inmates of a different race. Plaintiff's allegations, alone, are insufficient to establish an equal protection claim.   *See, e.g., Coleman v. Bowerman*, 474 F. App'x 435, 437 (6th Cir. 2012) (affirming grant of summary judgment in favor of the defendant on the prisoner's equal protection claim

because he "did not present any evidence that [the defendant] treated him differently than other [similarly situated] inmates"). Because there are no genuine issues of material fact and it is the undersigned's opinion that Plaintiff did not establish that Defendant violated his Fourteenth Amendment rights, it is the undersigned's opinion that Defendant is entitled to qualified immunity in his individual capacity on this claim.

### IV. State Law Claim

"The United States Supreme Court and the Sixth Circuit have stated that when a district court dismisses all federal claims, the court should generally decline to exercise supplemental jurisdiction over state law claims." *Poindexter v. McKee*, 444 F. Supp. 2d 783, 786 (W.D. Mich. 2006). "[O]nce the Court has dismissed the federal claims it is appropriate to dismiss, without prejudice, the state claims so that the plaintiff may pursue, if he chooses, these claims in the state courts." (*Id.*). In light of the undersigned's above recommendation to grant summary judgment in favor of Defendant on Plaintiff's sole federal law claim, the undersigned further recommends to decline to exercise supplemental jurisdiction over Plaintiff's state law claim and to dismiss it without prejudice.

### CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 19) be granted and this matter terminated. For the same reasons the undersigned makes these recommendations, the undersigned

finds that an appeal of such would be frivolous and not made in good faith.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 30, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge